62 F.3d 1415
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Kenneth PHILLIPS, Plaintiff-Appellant,
v.
Bishop L. ROBINSON; Richard A. Lanham; Merry Coplin;
Barbara Taylor, RN; Sewall Smith, Defendants-Appellees.
 No. 94-6547.
 United States Court of Appeals, Fourth Circuit.
 Aug. 4, 1995.
Aug. 4, 1995
 
 Tiffany Hosey, Student Counsel, Community Legal Clinics, George Washington University National Law Center, Washington, DC, on the brief Jennifer P. Lyman, Community Legal Clinics, George Washington University National Law Center, Washington DC, for appellant. for appellant.
 Kathleen Susan Hoke, Staff Attorney, Office of the Attorney General, Baltimore, MD, on the brief, J. Joseph Curran, Jr., Atty. Gen., Evelyn O. Cannon, Asst. Atty. Gen., Office of the Attorney General, Balimore MD, for appellee.
 Before HALL and MOTZ, Circuit Judges, and JACKSON, United States District Judge for the Eastern District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Kenneth Phillips, an inmate at the Maryland Penitentiary, filed a pro se complaint in which he claimed that prison officials had violated his Eighth Amendment rights with respect to the provision of medical care. He alleged that prison officials had given him inconsistent information about the results of his tests for venereal disease and AIDS and that he suffered severe anxiety as a result of his inability to obtain the correct information. He also alleged that the officials had refused to provide him with copies of his medical records. Concluding that the documentary evidence "clearly demonstrate[d]" that the officials had arranged for appropriate testing and had also provided adequate information to Phillips regarding the test results, the district court granted summary judgment to the officials. Although we are troubled by the officials' repeated refusals to provide Phillips with copies of his medical records,* our review of the record convinces us that Phillips failed to demonstrate that the officials' actions rose to the level of "deliberate indifference" necessary to establish the constitutional violation he claims. See Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir.1990). Accordingly, we affirm the judgment of the district court.
 
 AFFIRMED
 
 
 *
 The Division of Corrections' own regulations provide that an inmate must be allowed to "see or receive" his own records except under circumstances not relevant here. DOC Regulation No. 130-6(B). We note that Phillips would also appear to have a statutory right to receive copies of his records. See MD. HEALTH-GENERAL CODE ANN. Sec. 4-304(a) (1994 Supp.). Phillips, however, has never asserted a property interest in or due process right to his medical records